IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:23-CV-732-D

| | | |
|---|---|---|
| TIGRESS MCDANIEL, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| HUNTER WARFIELD, INC., et al., | ) | |
| | ) | |
| Defendants. | ) | |

On November 19, 2023, Tigress McDaniel ("McDaniel" or "plaintiff") filed a complaint in Wake County District Court against Hunter Warfield, Inc. ("Warfield"), Equifax Information Services, LLC ("Equifax"), Experian Information Solutions, Inc. ("Experian Solutions"), Experian Data Corp. ("Experian Data"), Experian Services Corp. ("Experian Services") (collectively "Experian"), TransUnion Data Solutions LLC ("TransUnion Data"), and TransUnion LLC (collectively "TransUnion") (all collectively "defendants") [D.E. 1-2]. On December 20, 2023, defendants removed the case to this court [D.E. 1].

On December 26, 2023, Equifax moved to dismiss the complaint for failure to state a claim [D.E. 14] and filed a memorandum in support [D.E. 14-1]. See Fed. R. Civ. P. 12(b)(6). On December 27, 2023, TransUnion joined Equifax's motion to dismiss [D.E. 17]. On January 25, 2024, McDaniel moved to extend the time to file a response [D.E. 20] and filed an exhibit [D.E. 21]. On January 26, 2024, Experian moved to dismiss the complaint for failure to state a claim upon which relief can be granted [D.E. 22] and filed a memorandum in support [D.E. 23]. On February 21, 2024, McDaniel responded in opposition [D.E. 25]. On March 18, 2024, McDaniel moved to recuse the undersigned [D.E. 26] and filed a memorandum in support [D.E. 27]. As

explained below, the court denies plaintiff's motion to recuse, grants defendants' motions to dismiss for failure to state a claim upon which relief can be granted, and denies as moot plaintiff's motion to extend the time to file a response.

I.

McDaniel is a notorious pro se litigant. The United States District Court for the Western District of North Carolina has imposed a pre-screening review system for her filings. See, e.g., McDaniel v. Green Dot Corp., No. 3:23-CV-21, 2023 WL 2254581, at *1 & n.1 (W.D.N.C. Feb. 27, 2023) (unpublished), aff'd, Nos. 23-1135, 23-1218, 2023 WL 5625142 (4th Cir. Aug. 21, 2023) (per curiam) (unpublished). In this action, McDaniel alleges violations of the Fair Credit Reporting Act ("FCRA") and gross negligence against all defendants. See Compl. [D.E. 1-2] 1.

On September 3, 2022, McDaniel executed a lease for an apartment at MAA Legacy Park in Charlotte. See id. at 4. McDaniel still occupies that apartment. See id. Between September 21, 2022, and January 12, 2023, McDaniel requested repairs and pest control from MAA for the leased apartment. See id. at 4–5. McDaniel alleges that MAA ignored her requests. See id. at 5.

On November 15, 2023, McDaniel alleges that MAA initiated summary ejectment proceedings against her in retaliation for her service requests and complaints. See id. On January 6, 2023, after filing a complaint with the city for alleged code violations, McDaniel and MAA agreed that MAA would "complete all repairs . . . and waive $4,008.50 from [MAA]'s balance prior to February 1, 2023" and McDaniel would "allow repairs and pay $4,008.50 and February 2023 rent and fees by February 1, 2023." Id. at 7. Thereafter, McDaniel and MAA disagreed over whether MAA completed the repairs and whether McDaniel denied entry for the repairs. See id. at 8–15.

2

In October 2023, McDaniel received notifications that Warfield reported a bad debt collection account to Equifax, Experian, and TransUnion ("credit reporting agencies" or "CRAs") in the amount of $11,136. See id. at 18–19. McDaniel confirmed that MAA was the original creditor for the bad debt collection account and Warfield was the collection agency. See id. at 19. McDaniel disputed the debt with Equifax, TransUnion, and Experian. See id. Experian responded and verified that it reported the bad debt account correctly. See id. at 20–21. The CRAs continued to report the bad debt account. See id.

McDaniel's first cause of action alleges violations of 15 U.S.C. §§ 1681s-(2)(a) and (b), 1681n, 1681o, and 1681i against all defendants. See id. at 21–22. McDaniel's second cause of action alleges violations of 15 U.S.C. § 1681s-2 against all defendants. See id. at 22–25. McDaniel's third cause of action alleges gross negligence against all defendants under 15 U.S.C. §§ 1681n and 1681o. See id. at 25–28.

II.

"Judicial recusals are governed by a framework of interlocking statutes." Belue v. Leventhal, 640 F.3d 567, 572 (4th Cir. 2011). Under 28 U.S.C. § 455(a), all "judge[s] of the United States" have a general duty to "disqualify [themselves] in any proceeding in which [their] impartiality might reasonably be questioned." 28 U.S.C. § 455(a). In turn, 28 U.S.C. § 455(b) lists other situations requiring recusal, including where a judge "has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding." 28 U.S.C. § 455(b)(1).

In Liteky v. United States, 510 U.S. 540 (1994), "the Court confronted a situation where defendants moved to disqualify the district judge in their criminal trial based on his comments and actions as the judge in a prior trial involving one of the same defendants." Belue, 640 F.3d at 572.

3

In holding that the judge did not have to recuse, the Court concluded that sections 455(a) and 455(b)(1) carry an "extrajudicial source" limitation, under which bias or prejudice must, as a general matter, stem from "a source outside the judicial proceeding at hand" in order to disqualify a judge. Liteky, 510 U.S. at 545. Put differently, the bias or prejudice must "result in an opinion on the merits [of a case] on some basis other than what the judge learned from his participation in the case." Id. at 545 n.1 (quotation omitted); see Belue, 640 F.3d at 572–73; Bartko v. Wheeler, No. 5:14-CT-3043, 2014 WL 3563359, at *6 (E.D.N.C. July 18, 2014) (unpublished). "[W]hile recusal motions serve as an important safeguard against truly egregious conduct, they cannot become a form of brushback pitch for litigants to hurl at judges who do not rule in their favor." Belue, 640 F.3d at 574. "[O]pinions held by judges as a result of what they learned in earlier proceedings" are not ordinarily a basis for recusal. Liteky, 510 U.S. at 551–52.

McDaniel's motion to recuse arises from this court's orders in other cases that McDaniel lost. Furthermore, this court's knowledge of McDaniel's litigation history stems from judicial proceedings that McDaniel initiated. Accordingly, the court denies as meritless McDaniel's motion to recuse.

To withstand a Rule 12(b)(6) motion, a pleading "must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quotation omitted); see Bell Atl. Corp. v. Twombly, 550 U.S. 544, 554–63 (2007); Coleman v. Md. Ct. of Appeals, 626 F.3d 187, 190 (4th Cir. 2010), aff'd, 566 U.S. 30 (2012); Giarratano v. Johnson, 521 F.3d 298, 302 (4th Cir. 2008). In considering the motion, the court must construe the facts and reasonable inferences "in the light most favorable to [the nonmoving party]." Massey v. Ojaniit, 759 F.3d 343, 352 (4th Cir. 2014) (quotation omitted); see Clatterbuck v. City of Charlottesville, 708 F.3d 549, 557 (4th Cir. 2013), abrogated on other

4

grounds by Reed v. Town of Gilbert, 576 U.S. 155 (2015). A court need not accept as true a complaint's legal conclusions, "unwarranted inferences, unreasonable conclusions, or arguments." Giarratano, 521 F.3d at 302 (quotation omitted); see Iqbal, 556 U.S. at 678–79. Rather, a plaintiff's factual allegations must "nudge[ ] [her] claims," Twombly, 550 U.S. at 570, beyond the realm of "mere possibility" into "plausibility." Iqbal, 556 U.S. at 678–79.

When evaluating a motion to dismiss, a court considers the pleadings and any materials "attached or incorporated into the complaint." E.I. du Pont de Nemours & Co. v. Kolon Indus., Inc., 637 F.3d 435, 448 (4th Cir. 2011); see Fed. R. Civ. P. 10(c); Goines v. Valley Cmty. Servs. Bd., 822 F.3d 159, 165–66 (4th Cir. 2016); Thompson v. Greene, 427 F.3d 263, 268 (4th Cir. 2005). A court also may consider a document submitted by a moving party if it is "integral to the complaint and there is no dispute about the document's authenticity." Goines, 822 F.3d at 166; Occupy Columbia v. Haley, 738 F.3d 107, 117 n.7 (4th Cir. 2013). Additionally, a court may take judicial notice of public records without converting a motion to dismiss into a motion for summary judgment. See, e.g., Fed. R. Evid. 201; Tellabs, Inc. v. Makor Issues & Rts., Ltd., 551 U.S. 308, 322 (2007); Philips v. Pitt Cnty. Mem'l Hosp., 572 F.3d 176, 180 (4th Cir. 2009).

The CRAs move to dismiss McDaniel's complaint. See [D.E. 14, 17, 22]. Equifax argues that McDaniel's allegation of inaccuracy cannot support her FCRA claims because the claims concern an underlying legal dispute between McDaniel and MAA. See [D.E. 14-1] 5–7. Equifax argues that because McDaniel fails to allege any other inaccuracy, her FCRA claims and gross negligence claim fail. See id. at 7. Equifax also argues that it had no duty to reinvestigate her legal dispute under 15 U.S.C. § 1681i. See id. TransUnion joins Equifax's motion. See [D.E. 17] 1–2. Experian argues that some of McDaniel's claims fail because Experian is not a furnisher of information. See [D.E. 23] 4. Experian also argues that McDaniel only alleges inaccuracies

5

concerning the legal validity of a debt. See id. at 5. Moreover, Experian argues that McDaniel fails to allege liability under 15 U.S.C. § 1681e(b) because McDaniel does not allege that Experian disclosed an inaccurate report to a third party. See id. at 9. Finally, Experian argues that the FCRA preempts her state law gross negligence claim. See id. at 9–10.

No private right of action exists under 15 U.S.C. § 1681s-2(a). See, e.g., 15 U.S.C. § 1681s-2(c)(1), (d); Saunders v. Branch Banking & Tr. Co. of Va., 526 F.3d 142, 149 (4th Cir. 2008); Weber v. Specialized Loan Servicing, LLC, 627 F. Supp. 3d 538, 545 (E.D.N.C. 2022); Craighead v. Nissan Motor Acceptance Corp., No. 1:10cv981, 2010 WL 5178831, at *4 (E.D. Va. Dec. 14, 2010) (unpublished), aff'd, 425 F. App'x 197 (4th Cir. 2011) (per curiam) (unpublished); accord Longman v. Wachovia Bank, N.A., 702 F.3d 148, 151 (2d Cir. 2012) (per curiam); Boggio v. USAA Fed. Sav. Bank, 696 F.3d 611, 615–16 (6th Cir. 2012); Sanders v. Mountain Am. Fed. Credit Union, 689 F.3d 1138, 1147 (10th Cir. 2012); Purcell v. Bank of Am., 659 F.3d 622, 623 (7th Cir. 2011); SimmsParris v. Countrywide Fin. Corp., 652 F.3d 355, 358 (3d Cir. 2011); Gorman v. Wolpoff & Abramson, LLP, 584 F.3d 1147, 1154 (9th Cir. 2009). Accordingly, the court dismisses McDaniel's section 1681s-2(a) claims against the CRA defendants.

A private right of action exists under section 1681s-2(b), but this section applies only to furnishers of information, not credit reporting agencies. See Saunders, 526 F.3d at 147–49; Brown v. Equifax Inc., No. 5:19-CV-78, 2019 WL 1810976, at *1 (E.D.N.C. Apr. 24, 2019) (unpublished). McDaniel fails to plausibly allege that the CRAs were furnishers of information within the meaning of the FCRA. Accordingly, the court dismisses McDaniel's section 1681s-2(b) claims against the CRA defendants.

To state a claim under sections 1681i and 1681e(b), McDaniel must plausibly allege an inaccuracy in the credit reporting, and "the presentation of legal defenses to payment will not

6

suffice." Perry v. Toyota Motor Credit Corp., No. 1:18CV34, 2019 WL332813, at *5 (W.D. Va. Jan. 25, 2019) (unpublished) (emphasis omitted); see Dawkins v. Experian Info. Sols., Inc., No. 6:22CV774, 2022 WL 17668425, at *7 (D.S.C. Oct. 19, 2022) (unpublished), report and recommendation adopted, 2022 WL 17351761 (D.S.C. Dec. 1, 2022) (unpublished); Denton v. JPMorgan Chase & Co., No. 4:19-CV-114, 2020 WL 5909153, at *12 n.22 (E.D. Va. Oct. 6, 2020) (unpublished); Letren v. Trans Union, LLC, No. CV 15-3361, 2017 WL 445237, at *7 (D. Md. Feb. 2, 2017) (unpublished); Alston v. Equifax Info. Servs., LLC, Civ. No. 13-cv-1230, 2016 WL 5231708, at *10 (D. Md. Sept. 21, 2016) (unpublished); Spitzer v. Trans Union LLC, 140 F. Supp. 2d 562, 565 (E.D.N.C. 2000), aff'd, 3 F. App'x 54 (4th Cir. 2001) (per curiam) (unpublished). "The FCRA aims to prevent inaccurate credit reporting; it is not a route for debtors to challenge the validity of underlying debts." Perry, 2019 WL 332813, at *5. "[R]einvestigation claims are not the proper vehicle for collaterally attacking the legal validity of consumer debts." Carvalho v. Equifax Info. Servs., LLC, 629 F3d 876, 892 (9th Cir. 2010); see DeAndrade v. Trans Union LLC, 523 F.3d 61, 68 (1st Cir. 2008).

McDaniel only alleges a dispute over the legal validity of her debt to MAA. See Compl. 8–21. McDaniel, however, fails to plausibly allege that the CRAs reported any factually incorrect information as communicated to them concerning the underlying debt. Because McDaniel fails to plausibly allege any failure to comply with the FCRA, McDaniel fails to plausibly allege willful or negligent non-compliance under sections 1681n or 1681o. Thus, McDaniel fails to state a claim for relief under the FCRA. See Dawkins, 2022 WL 17668425, at *5; Scott v. Equifax, Inc., No. 2:20-CV-2516, 2021 WL 7209985, at * 3 (D. Kan. Apr. 21, 2021) (unpublished). Accordingly, the court dismisses McDaniel's FCRA claims against the CRA defendants.

Under 15 U.S.C. § 1681h(e):

7

> [N]o consumer may bring any action [for] . . . negligence with respect to the reporting of information against any consumer reporting agency . . . or any person who furnishes information to a consumer reporting agency, based on information disclosed pursuant to section 1681g, 1681h, or 1681m of this title, or based on information disclosed by a user of a consumer report to or for a consumer against whom the user has taken adverse action, based in whole or in part on the report except as to false information furnished with malice or willful intent to injure such consumer.

15 U.S.C. § 1681h(e). Section 1681h(e) requires a "two-step inquiry." Ross v. Fed. Deposit Ins. Corp., 625 F.3d 808, 814 (4th Cir. 2010). First, a court asks "whether the claim falls within the scope of § 1681h(e)." Id. Second, a court asks "whether the 'malice or willful intent to injure' exception to the general bar against state law actions applies." Id. At the first step, the preemption provision applies when a consumer has sued "any consumer reporting agency, any user of information, or any person who furnishes information to a consumer reporting agency, based on information disclosed pursuant to section 1681g, 1681h, or 1681m of this title, or based on information disclosed by a user of a consumer report to or for a consumer against whom the user has taken adverse action." Rogers v. Keffer, Inc., 243 F. Supp. 3d 650, 658–59 (E.D.N.C. 2017) (quotation omitted).

Section 1681h(e) preempts McDaniel's gross negligence claim against the CRAs because the claim arises out of McDaniel's allegations of FCRA violations. See id. Furthermore, McDaniel fails to plausibly allege acts or omissions that constitute malicious or willful violations. See 15 U.S.C. § 1681h(e). Accordingly, the court dismisses McDaniel's gross negligence claim against the CRA defendants.

McDaniel moved to extend the time to respond to Equifax's motion to dismiss. See [D.E. 20]. McDaniel, however, filed a response in opposition to Experian's motion, and the court reviewed McDaniel's arguments. See [D.E. 25-1]. McDaniel's arguments do not change the

8

outcome. In light of McDaniel's response to one of the nearly identical CRA motions to dismiss, the court denies as moot McDaniel's motion for extension of time.

III.

In sum, the court DENIES plaintiff's motion to recuse [D.E. 26], GRANTS the credit reporting agency defendants' motions to dismiss [D.E. 14, 17, 22], DENIES as moot plaintiff's motion for extension of time [D.E. 20], and DISMISSES plaintiff's claims against the credit reporting agency defendants. Hunter Warfield, Inc. is the sole remaining defendant.

SO ORDERED. This 15 day of April, 2024.

JAMES C. DEVER III
United States District Judge